Daniel M. Hattis (SBN 232141)
Email: dan@hattislaw.com
Paul Karl Lukacs (SBN 197007)
Email: pkl@hattislaw.com
HATTIS LUKACS & CORRINGTON
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
Telephone: (425) 233-8650
Facsimile: (425) 412-7171

*Attorneys for Plaintiff*
*and the Proposed Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA ROSING HOKE, for herself, as a private attorney general, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BASSETT FURNITURE INDUSTRIES, INC., and BASSETT DIRECT NC, LLC,<br><br>Defendants. | Case No. 2:26-cv-02037<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF CAL. CIVIL CODE § 1750 *et seq.*;**<br><br>**(2) VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE § 17500 *et seq.*;**<br><br>**(3) VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE § 17200 *et seq.***<br><br>**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Barbara Rosing Hoke, individually, as a private attorney general, and on behalf of all others similarly situated, alleges as follows, on personal knowledge and the investigation of her counsel, against Defendants Bassett Furniture Industries, Inc., and Bassett Direct NC, LLC (collectively, "Bassett Furniture" or "Defendants"):

## I. INTRODUCTION AND SUMMARY

1. Bassett Furniture is a manufacturer, marketer, and retailer of ready-to-order and customizable furniture, including sofas, sectionals, tables, and other furniture products. Bassett Furniture owns and operates the www.bassettfurniture.com website and approximately 57 company-owned Bassett Furniture retail stores. Bassett Furniture is also responsible for the marketing strategies, product pricing and advertising for 29 licensee-owned Bassett Furniture retail stores nationwide. Approximately 75% of the products offered by Bassett Furniture on its website and in its retail stores are manufactured and assembled by Bassett Furniture in the United States.[1] (Hereinafter, Bassett Furniture "retail stores" refers to and includes both company-owned and licensee-owned stores.) Bassett Furniture's products are primarily offered and sold by Bassett Furniture, with limited other availability through retail partners.

2. For years, Bassett Furniture has engaged in a massive and consistent false discount advertising scheme across its website and in its retail stores. Specifically, Bassett Furniture advertises perpetual or near-perpetual discounts—typically 20% to 30% off—on all of its products. These discounts are taken from Bassett Furniture's inflated and self-created strikethrough reference prices for its products. Bassett Furniture represents these reference prices to be the regular and normal former prices of the products. However, unbeknownst to its customers,

---

[1] *See* https://www.bassettfurniture.com/where-we-make-it.html.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

Bassett Furniture's discounts are never-ending and the products are never or almost never offered at the advertised reference price—and never in good faith.

3. Bassett Furniture also advertises false limited-time discounts for its products to induce consumers to purchase the products immediately before they supposedly return to their (fictitious) reference prices. However, in reality, the discounts are never-ending.

4. Bassett Furniture's false discount advertising is so pervasive across all of its products and its advertising that it is apparent that the heart of Bassett Furniture's marketing plan is to deceive the public.

5. Bassett Furniture's intent is to trick consumers into believing that its products are worth, and have a market value equal to, the inflated reference price, and that the lower advertised sale price represents a special bargain. Bassett Furniture perpetrates this illegal scheme to induce consumers to purchase its products and to charge more for its products than it otherwise could have charged.

6. Bassett Furniture's false discount advertising harms consumers like Plaintiff by causing them to pay more than they otherwise would have paid and to buy products that they otherwise would not have bought.

7. Customers do not enjoy the actual discounts Bassett Furniture promises them, and the products are not in fact worth the amount that Bassett Furniture represents to them. Bassett Furniture's deceptive pricing scheme also artificially increases the demand for its products and causes all customers, including Plaintiff and Class members, to pay price premiums to Bassett Furniture.

8. Bassett Furniture's false discount advertising violates California's Consumers Legal Remedies Act (CLRA), California Civil Code § 1750 *et seq.*; False Advertising Law (FAL), California Business & Professions Code § 17500 *et seq.*; and Unfair Competition Law (UCL), California Business & Professions Code § 17200 *et seq.*, in numerous ways, as detailed in this Complaint.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

9. Plaintiff brings this lawsuit individually and on behalf of a class of Californian consumers who purchased from the Bassett Furniture website or a Bassett Furniture retail store one or more products advertised with a discount. Plaintiff seeks restitution and/or disgorgement for herself and for each of the Class members. Additionally, Plaintiff, acting as a private attorney general, seeks public injunctive relief to protect the general public by enjoining Bassett Furniture from engaging in the unlawful false discount advertising scheme alleged herein.

## II. THE PARTIES

10. Plaintiff Barbara Rosing Hoke is a citizen and resident of the city of Valley Glen, in Los Angeles County, California, and is an unsophisticated consumer party. Ms. Hoke made a purchase from the company-owned Bassett Furniture retail store at 6344 Topanga Canyon Boulevard, Suite 1060, Woodland Hills, California 91367 and is a victim of Bassett Furniture's false discount advertising scheme.

11. Defendant Bassett Furniture Industries, Inc. is a corporation organized under Virginia law with its principal place of business at 3525 Fairystone Park Highway, Bassett, Virginia 24055. Bassett Furniture Industries, Inc. owns and operates the Bassett Furniture website, www.bassettfurniture.com, as well as approximately 57 company-owned retail stores. Basset Furniture Industries, Inc. owned and operated the Woodland Hills, California store at which Plaintiff purchased the sofas which are the subject of this Complaint (that store has since been closed). Basset Furniture Industries, Inc. currently owns and operates one store in California. Bassett Furniture Industries, Inc. also is responsible for the marketing and product pricing and advertising for 29 licensee-owned Bassett Furniture stores nationwide, including 5 in California.

12. Defendant Bassett Direct NC, LLC is a limited liability company formed in Virginia with the same principal place of business as Bassett Furniture


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

Industries, Inc. Bassett Direct NC, LLC is registered to do business in California and is a wholly-owned retail subsidiary of Bassett Furniture Industries, Inc. Based on counsel's investigation, Basset Direct NC, LLC has a role in the operations of company-owned retail stores, including the (now closed) Woodland Hills, California store.

13. For the purposes of this Complaint, Bassett Furniture Industries, Inc. and Bassett Direct NC, LLC will collectively be referred to as "Bassett Furniture."

14. Bassett Furniture controls and dictates all the marketing strategies (including the sale event advertising, reference prices, and "discounted" prices that are the subject of this Complaint) in all Basset Furniture stores, including both the company-owned stores and the licensee-owned stores. The advertised sales and pricing of products in the licensee-owned Bassett Furniture retail stores are consistent with that in company-owned Bassett Furniture retail stores and with that on the Bassett Furniture website. Bassett Furniture provides signage and marketing materials to the licensee-owned Bassett Furniture retail stores and Bassett Furniture receives significant revenues from the licensee-owned Bassett Furniture retail stores.

## III. <u>JURISDICTION AND VENUE</u>

15. **<u>Subject Matter Jurisdiction.</u>** This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because the amount in controversy, exclusive of interest and costs, exceeds $5,000,000, and this is a proposed class action in which there are members of the proposed Class who are citizens of a state different from Bassett Furniture.

16. **<u>Personal Jurisdiction.</u>** This Court has personal jurisdiction over Defendants because: (1) Defendant Bassett Direct NC, LLC is registered to do business in California, (2) Defendants regularly conduct business in California including via the retail website www.bassettfurniture.com and by operating 6



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

retail stores in California; (3) the claims alleged herein arise from Plaintiff's purchase from Defendants' company-owned retail store in California; and/or (4) Defendants have committed tortious acts within California or have committed tortious acts outside California which had an impact within California (as alleged, without limitation, throughout this Complaint). Defendants have sufficient minimum contacts with California to render the exercise of jurisdiction by this Court permissible.

17. **Venue.** Venue is proper under 28 U.S.C. §1391 because Plaintiff is a California citizen who resides in this District (specifically, in Los Angeles County) and a substantial portion of the transactions at issue occurred in Los Angeles County, including that Plaintiff made her purchase from a company-owned Bassett Furniture retail store in Los Angeles County. Plaintiff's declaration establishing that this Court is a proper venue for this action is attached hereto as **Exhibit A**.

## IV. BASSETT FURNITURE'S FALSE DISCOUNT ADVERTISING SCHEME

18. Bassett Furniture is a manufacturer, marketer, and retailer of ready-to-order and customizable furniture, including sofas, sectionals, tables, and other furniture products. Bassett Furniture owns and operates the www.bassettfurniture.com website and approximately 57 company-owned Bassett Furniture retail stores. Bassett Furniture is also responsible for the marketing strategies, product pricing and advertising for 29 licensee-owned Bassett Furniture retail stores nationwide. Approximately 75% of the products offered by Bassett Furniture on its website and in its retail stores are manufactured and assembled by Bassett Furniture in the United States. In this Complaint, Bassett Furniture "retail stores" refers to and includes both company-owned and licensee-owned stores. Bassett Furniture's products are primarily


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

offered and sold by Bassett Furniture, with limited other availability through retail partners.

19. For years, Bassett Furniture has engaged in a massive and consistent false discount advertising scheme on its website and in its retail stores. Specifically, Bassett Furniture advertises perpetual or near-perpetual discounts—typically 20% to 30% off—on all of its products. These discounts are taken from Bassett Furniture's inflated and self-created strikethrough reference prices for its products. Bassett Furniture represents these reference prices to be the regular and normal former prices of the products. However, unbeknownst to its customers, Bassett Furniture's discounts are never-ending and the products are never or almost never offered at the advertised reference price—and never in good faith.

20. Bassett Furniture aggressively advertises discounts throughout its website. On its product list pages, Bassett Furniture typically advertises the discounts by displaying a discounted selling price, next to a higher strikethrough purported regular price (the reference price) (e.g., "$2,119 ~~$3,079~~"). For example, see the screenshot below taken from the Bassett Furniture website on February 11, 2026 as part of counsel's investigation.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

**Product List Page Displaying Discounted Bassett Furniture Dining Tables 02/11/2026**




21. On the individual product page, Bassett Furniture displays the selling price next to the strikethrough reference price in the same manner, and indicates the percentage and dollars savings preceded by the words "You save" in red font to further indicate that the reference price was Bassett Furniture's previous and regular selling price for the product (e.g., "$2,119 ~~$3,079~~ You save 31% ($960)"). For example, see the screenshot below taken from the Bassett Furniture website on February 11, 2026 as part of counsel's investigation.

**Individual Product Page For Bassett Furniture's Atlas Round Dining Table 02/11/2026**





HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

22. Bassett Furniture makes similar pricing and discount representations in the online shopping cart and on the checkout page, where it displays the selling price next to the strikethrough reference price (e.g., "$2,119.00 ~~$3,079.00~~"). The checkout page additionally indicates the dollar-amount saved preceded by the words "Total Savings" (e.g., "Total Savings: $960.00"). For example, see the screenshots below taken after the Atlas Round Dining Table was added to the online shopping cart.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

**Bassett Furniture Online Shopping Cart – 02/11/2026**




**Bassett Furniture Online Checkout – 02/11/2026**





HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

23. Bassett Furniture intends that consumers interpret and understand the strikethrough reference prices to stand for Bassett Furniture's regular selling prices for those products. Bassett Furniture intends that consumers understand the reference price to reflect Bassett Furniture's regular former price for the product. Bassett Furniture intends that consumers understand the reference price to represent the value of the product. Bassett Furniture intends that consumers understand and believe that by purchasing the product that day, consumers will enjoy an unusual and special bargain—specifically, that consumers will enjoy the advertised dollars-off and percentage-off savings from the product's regular price.

24. Counsel's investigation has revealed that Bassett Furniture advertises perpetual or near-perpetual discounts on all of its products, and these products are never or almost never sold at their stated reference prices—and never in good faith.

25. For example, according to counsel's investigation and data, Bassett Furniture has not sold the above shown Atlas Round Dining Table (the "Table") at its strikethrough reference price since at least November 7, 2025, when it was offered on sale for $2,119 from a strikethrough reference price of $3,079. Counsel's investigation found that since at least November 7, 2025 through the present day, Bassett Furniture has typically offered the Table for between $2,119 to $2,229. For example, see the screenshots below.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

## Bassett Furniture Perpetually Markets Its Products With False Discounts

## Example: Atlas Round Dining Table

**11/10/2025**

Selling Price: $2,119
Reference Price: ~~$3,079~~




**11/17/2025**

Selling Price: $2,139
Reference Price: ~~$3,079~~




**11/24/2025**

Selling Price: $2,139
Reference Price: ~~$3,079~~




**12/01/2025**

Selling Price: $2,139
Reference Price: ~~$3,079~~




**12/08/2025**

Selling Price: $2,229
Reference Price: ~~$3,079~~




**12/15/2025**

Selling Price: $2,229
Reference Price: ~~$3,079~~





HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

**12/22/2025**

Selling Price: $2,229
Reference Price: ~~$3,079~~




**12/29/2025**

Selling Price: $2,119
Reference Price: ~~$3,079~~




**01/05/2026**

Selling Price: $2,229
Reference Price: ~~$3,079~~




**01/12/2026**

Selling Price: $2,119
Reference Price: ~~$3,079~~




**01/19/2026**

Selling Price: $2,119
Reference Price: ~~$3,079~~




**01/26/2026**

Selling Price: $2,229
Reference Price: ~~$3,079~~





HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

**02/02/2026**

Selling Price: $2,229
Reference Price: ~~$3,079~~




**02/09/2026**

Selling Price: $2,119
Reference Price: ~~$3,079~~




**02/16/2026**

Selling Price: $2,119
Reference Price: ~~$3,079~~




26. Based on counsel's investigation, and as the screenshots above demonstrate, Bassett Furniture invents its purported regular prices (the strikethrough reference prices) out of thin air. Bassett Furniture's reference prices and advertised discounts have no basis or relationship to reality.

27. Bassett Furniture's false discount advertising described above is typical and representative of the false discount advertising Bassett Furniture perpetrates on its website for all of its "discounted" products.

28. Bassett Furniture makes similar discount representations in its retail stores. For instance, Bassett Furniture frequently has "sale" signs at the entrance of its retail stores and placed around and on top of its products. These signs advertise purported sales and percentage-off discounts that are the same or substantially similar to the sales and percentage-off discounts offered on Bassett Furniture's website.

29. For example, as the screenshot below reflects, on January 7, 2026, the Bassett Furniture website advertised a "Save 20%" sale with additional dollars-off savings for reaching certain minimum purchase thresholds. On that same day, Bassett Furniture retail stores advertised a "20% Off Furniture" sale


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

with the same additional dollars-off savings for reaching the same minimum purchase thresholds, as reflected in the photo below taken as part of counsel's investigation on January 7, 2026.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

**Same 20% Off Sale Both Online And In-Store On 01/07/2026**








HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

30. For example, as the screenshot below reflects, on January 21, 2026, the Bassett Furniture website advertised a “Save 25% on Furniture” sale. On that same day, Bassett Furniture retail stores advertised a “25% Off Storewide” sale, as reflected in the photo below taken as part of counsel’s investigation on January 21, 2026.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

**Same 25% Off Sale Both Online And In-Store On 01/21/2026**








HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

31. In its retail stores, Bassett Furniture represents that these purported discounts are taken from the original selling price of its items, which are listed on the signage attached to the products. The sale events, reference prices, and discounted prices advertised in-store are the same as those advertised on the Bassett Furniture website. However, Bassett Furniture's discounts are never-ending and false because Bassett Furniture never or almost never sells the items at their reference prices.

## V. PLAINTIFF'S ALLEGATIONS ARE BASED ON HER COUNSEL'S COMPREHENSIVE INVESTIGATION INTO BASSETT FURNITURE'S PRACTICES

32. Plaintiff's allegations concerning Bassett Furniture's false discount advertising scheme are based on Plaintiff's counsel's comprehensive investigation of Bassett Furniture's advertising and pricing practices both on its website and in its retail stores.

33. Plaintiff's counsel has been monitoring and scraping the Bassett Furniture website on an automated daily basis with a proprietary software program since November 7, 2025. Counsel has compiled and extracted daily pricing and marketing data from the website for most of the products Bassett Furniture has offered on its website during this time. In total, counsel has assembled and analyzed a historical database of daily prices and time-stamped screenshots of over 104,000 daily offerings of approximately 1,532 products during this more than four-month period.

34. Counsel's investigation and data shows that Bassett Furniture advertises perpetual or near-perpetual discounts for all of its products, typically ranging from 20% to 30% off every product.

35. The stated percentage-off and dollars-off discounts are false, and Bassett Furniture's list prices to which the discounts are applied are false and



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

inflated. Bassett Furniture has never or almost never offered any of its products at the reference price without a discount—and never in good faith.

36. Additionally, counsel examined over one hundred archived screenshots of the Bassett Furniture website on the Internet Archive's Wayback Machine going back to August 2023.[2] In every single screenshot that counsel examined, virtually every product shown was displayed with a discount.

37. Counsel has also reviewed numerous customer receipts from Bassett Furniture's retail stores spanning back a period of more than nine years.

38. Based on this investigation, counsel determined that Bassett Furniture's false discount advertising scheme has been ongoing since at least October 10, 2016 and likely earlier.

39. As a part of counsel's investigation, counsel has made visits to the company-owned Bassett Furniture retail store in Bellevue, Washington on a weekly basis since October 29, 2025 through the present day. In the retail store, counsel observed marketing signs around the store, on top of the furniture products, and on the product price tags. On these signs, Bassett Furniture advertised its products with purported percentage-off discounts.

40. On each visit, Plaintiff's counsel compared the Bassett Furniture retail store discounts (including the sale event advertising and the percentage-off and pricing signage posted throughout the store) to the Bassett Furniture website discounts and pricing. Plaintiff's counsel found that Bassett Furniture's website-wide and store-wide sales events and advertised percentage-off discounts and pricing have been and continue to be substantially the same both online and in-store.

---

[2] The Internet Archive is an internet library that archives webpages. For more information, see https://archive.org/about/. Based on counsel's investigation, the webpages as archived on the Wayback Machine prior to August 2023 were missing product and pricing content.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

41. Plaintiff's investigation into Bassett Furniture's false discount advertising scheme is as thorough as possible under the circumstances. Thus, Plaintiff's allegations which are based on information and belief are permissible. "Without an opportunity to conduct any discovery, [Plaintiff] cannot reasonably be expected to have detailed personal knowledge of [Bassett Furniture's] internal pricing policies or procedures." *Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564, 568 (9th Cir. 2017). "Because [Plaintiff] need not specifically plead facts to which she cannot 'reasonably be expected to have access,' her allegations regarding the fictitious nature of the [reference] prices may properly be based on personal information and belief at [the pleading] stage of the litigation." *Id.* Here, Plaintiff's allegations are based not only on information and belief, but also on a comprehensive investigation of Bassett Furniture's historical website advertising and of Bassett Furniture's retail stores which was as thorough as possible under the circumstances.

## VI. BASSETT FURNITURE'S FALSE DISCOUNT ADVERTISING SCHEME HARMS CONSUMERS AND VIOLATES CALIFORNIA LAW

42. Bassett Furniture perpetrates this false discount advertising scheme because it works—lying about discounts increases demand and increases Bassett Furniture's revenues and profits.

43. Indeed, decades of academic research has established that the use of reference prices and discount advertising like that utilized by Bassett Furniture materially impacts consumers' behavior and induces them to purchase the "discounted" products. A reference price (e.g., the strikethrough price advertised by Bassett Furniture from which the advertised discounts and savings are calculated) affects a consumer's perception of the value of the transaction, the


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

consumer's willingness to make the purchase, and the amount of money the consumer is willing to pay for the product.[3]

44. When a reference price and corresponding discount is bona fide and truthful, it may help consumers in making informed purchasing decisions. In contrast, consumers are harmed when retailers, such as Bassett Furniture, advertise their products with inflated false reference prices. The false reference prices deceive consumers, deprive consumers of a fair opportunity to accurately evaluate the offer, and result in purchasing decisions based on false pretenses.

---

[3] *See*, *e.g.*, Richard Staelin, Joel E. Urbany & Donald Ngwe, *Competition and the Regulation of Fictitious Pricing*, 87 J. of Mktg. 826 (2023); Mark Armstrong & Yongmin Chen, *Discount Pricing*, 58 Econ. Inquiry 1614 (2020); Rajesh Chandrashekaran & Dhruv Grewal, *Assimilation of Advertised Reference Prices: The Moderating Role of Involvement*, 79 J. Retailing 53 (2003); Pilsik Choi & Keith S. Coulter, *It's Not All Relative: The Effects of Mental and Physical Positioning of Comparative Prices on Absolute Versus Relative Discount Assessment*, 88 J. Retailing 512 (2012); Larry D. Compeau & Dhruv Grewal, *Comparative Price Advertising: An Integrative Review,* 17 J. Pub. Pol'y & Mktg. 257 (1998); Larry D. Compeau, Dhruv Grewal & Rajesh Chandrashekaran, *Comparative Price Advertising: Believe It or Not*, 36 J. Consumer Aff. 284 (2002); David Friedman, *Reconsidering Fictitious Pricing*, 100 Minn. L. Rev. 921 (2016); Dhruv Grewal & Larry D. Compeau, *Consumer Responses to Price and its Contextual Information Cues: A Synthesis of Past Research, a Conceptual Framework, and Avenues for Further Research*, in 3 Rev. of Mktg. Res. 109 (Naresh K. Malhotra ed., 2007); Daniel J. Howard & Roger A. Kerin, *Broadening the Scope of Reference Price Advertising Research: A Field Study of Consumer Shopping Involvement*, 70 J. Mktg. 185 (2006); Aradhna Krishna, Richard Briesch, Donald R. Lehmann & Hong Yuan, *A Meta-Analysis of the Impact of Price Presentation on Perceived Savings*, 78 J. Retailing 101 (2002); Balaji C. Krishnan, Sujay Dutta & Subhash Jha, *Effectiveness of Exaggerated Advertised Reference Prices: The Role of Decision Time Pressure*, 89 J. Retailing 105 (2013); Gorkan Ahmetoglu, Adrian Furnham, & Patrick Fagan, *Pricing Practices: A Critical Review of their Effects on Consumer Perceptions and Behavior*, 21 J. of Retailing & Consumer Servs. 696 (2014); Bruce L. Alford & Abhijit Biswas, *The Effects of Discount Level, Price Consciousness and Sale Proneness on Consumers' Price Perception and Behavioral Intention*, 55 J. Bus. Res. 775 (2002); and Tridib Mazumdar, S. P. Raj & Indrahit Sinha, *Reference Price Research: Review and Propositions*, 69 J. Mktg. 84 (2005).


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

45. As a direct and proximate result of Bassett Furniture's false reference prices and false discounts, Plaintiff and Class members were harmed and lost money or property.

46. First, Plaintiff and Class members were harmed because they would not have purchased the products at the prices they paid had they known that the discounts were fake and that the products had not in fact been regularly offered at the higher reference price. *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1107 (9th Cir. 2013) ("[W]hen a consumer purchases merchandise on the basis of false price information, and when the consumer alleges that he would not have made the purchase but for the misrepresentation, he has standing to sue under the UCL and FAL because he has suffered an economic injury.").

47. Consumers who are presented with discounts are substantially more likely to make the purchase. "Nearly all consumers (94%) search for a deal or offer when shopping online," "81% of [consumers] say finding a great offer or discount is on their mind throughout the entire purchase journey," and "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount." RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).

48. Additionally, Bassett Furniture's advertised limited-time sales events created a false sense of urgency, which made consumers more likely to make a purchase. Studies and articles have documented how limited-time sales induce customers to purchase products. For example, a study regarding the effect of the time-limited advertisement "10 Hours Only Super Sale" concluded that "[t]he



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

willingness to buy was significantly higher" and "the attitude towards the deal was more favourable."[4]

49. Second, Plaintiff and Class members were harmed because they did not receive the benefits of their bargains. Plaintiff and Class members did not enjoy the actual discounts Bassett Furniture represented and promised to them. Plaintiff and Class members did not receive products that were worth the inflated amount that Bassett Furniture represented to them; the products did not regularly sell for, and did not have a market value of, the fictitious reference price advertised by Bassett Furniture. In fact, for every single product that Bassett Furniture advertises with a discount, Bassett Furniture has never or almost never offered the product at the reference price without a discount—and never in good faith.

50. Bassett Furniture's false discount advertising scheme is for all intents and purposes identical to that which the FTC Pricing Guides describe as false and misleading. *See* 16 C.F.R § 233.1 "Former Price Comparisons." On information and belief, on those rare occasions that Bassett Furniture offers its products at the reference price, it does so in bad faith, solely for the purpose of "establishing" its reference price to attempt to exculpate itself from legal liability for its illegal false discount advertising scheme. It is Bassett Furniture's intent to sell few if any products at reference price, and in fact Bassett Furniture sells few if any products at reference price.

51. Third, Plaintiff and Class members were harmed because they paid a price premium due to illegitimately inflated demand resulting from Bassett Furniture's deceptive pricing scheme. Bassett Furniture's false discount advertising scheme artificially increased consumer demand for Bassett

---

[4] Aggarwal, P., *Use it or lose it: Purchase acceleration effects of time-limited promotions*, Journal of Consumer Behaviour (September 17, 2002) at 399–401.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

Furniture's products, which shifted the demand curve and allowed Bassett Furniture to charge more for its products than it otherwise could have charged (i.e., a price premium) absent the misrepresentations.

52. Bassett Furniture's false discount advertising scheme enabled Bassett Furniture to charge everyone more for all its products by artificially stimulating demand based on false pretenses. *See*, *e.g.*, Richard Staelin, Joel E. Urbany & Donald Ngwe, *Competition and the Regulation of Fictitious Pricing*, 87 J. of Mktg. 826, 836 (2023) (observing that "numerous empirical studies on the effects of promotions" have shown that promotions cause an "outward shift" in the demand curve (i.e., a price premium), which can be "substantial"). Without the misrepresentations, Bassett Furniture would have had to charge less for its products in order to enjoy the same level of demand.

53. In addition to harming consumers, the practice of employing false reference prices and false discounts also negatively affects the integrity of competition in retail markets. A retailer's use of false reference prices and false discounts constitutes an unfair method of competition and harms honest competitors that sell the same or similar products, or otherwise compete in the same market, using valid and accurate reference prices and true "sales." Businesses who play by the rules—and the investors in those businesses—are penalized if the unlawful advertising practices of their competitors go unchecked.

54. Federal and state courts have articulated the abuses that flow from false discount advertising practices like those perpetrated by Bassett Furniture. For example, the Ninth Circuit explained: "Most consumers have, at some point, purchased merchandise that was marketed as being 'on sale' because the proffered discount seemed too good to pass up. Retailers, well aware of consumers' susceptibility to a bargain, therefore have an incentive to lie to their customers by falsely claiming that their products have previously sold at a far higher 'original' price in order to induce customers to purchase merchandise at a


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

purportedly marked-down 'sale' price." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1101 (9th Cir. 2013).

55. The California Court of Appeal has likewise recognized the importance of California's false discount advertising statutes in protecting consumers: "Our Legislature has adopted multiple statutes that specifically prohibit the use of deceptive former price information and misleading statements regarding the amount of a price reduction. … These statutes make clear that … our Legislature has concluded 'reasonable people can and do attach importance to [a product's reference price] in their purchasing decisions.'" *Hansen v. Newegg.com Americas, Inc.*, 25 Cal. App. 5th 714, 730 (2018) (quoting *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 333 (2011)).

56. California law prohibits false discount advertising practices such as those perpetrated by Bassett Furniture.

57. California's Consumers Legal Remedies Act (CLRA) prohibits "advertising goods or services with the intent not to sell them as advertised," and specifically prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code § 1770(a)(9), (13).

58. California's False Advertising Law (FAL) prohibits businesses from making statements they know or should know to be untrue or misleading. Cal. Bus. & Prof. Code § 17500. This includes statements falsely indicating that a product is on sale, when it actually is not. Moreover, the FAL specifically provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding [the advertisement] or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code § 17501.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

59. Finally, California's Unfair Competition Law broadly bans all unlawful, unfair, and deceptive business practices. Cal. Bus. & Prof. Code § 17200.

60. In addition, the Federal Trade Commission's ("FTC") regulations prohibit false or misleading "former price comparisons." 16 C.F.R § 233.1. For example, an advertised former price is false when it is "an artificial, inflated price [that] was established for the purpose of enabling the subsequent offer of a large reduction—the 'bargain' being advertised is a false one; the purchaser is not receiving the unusual value he expects." 16 C.F.R § 233.1(a).

61. A UCL claim may also be predicated on a violation of this FTC regulation under the UCL's "unlawful" prong. *Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564, 567 (9th Cir. 2017).

62. As alleged in detail above, Bassett Furniture's advertised reference prices and discounts violate California law because, based on the investigation of Plaintiff's counsel, Bassett Furniture's advertised reference prices are inflated and fictitious, and Bassett Furniture's advertised percentage-off and dollars-off discounts are false. Bassett Furniture advertises perpetual discounts for its products and almost never offers its products at their advertised reference price.

63. Additionally, because Bassett Furniture advertises perpetual discounts of between 20% to 30% off, its advertised former prices were not the prevailing market price in the three months immediately preceding the advertisement. *See* Cal. Bus. & Prof. Code § 17500. This is true for the products sold exclusively on the Bassett Furniture website and in Bassett Furniture retail stores because Bassett Furniture's own selling prices determine the prevailing market price. *People v. Superior Ct. (J.C. Penney Corp.)*, 34 Cal. App. 5th 376, 409 (2019). This is also true for the products also sold elsewhere "because in competitive markets, the actual prices offered by vendors selling the same item tend to converge on the market price." *Id.* at 416–17.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

64. Because Bassett Furniture's advertised former prices are always significantly higher than its actual former prices for the products, those advertised former prices were not the prevailing market prices during the requisite three-month period. *See id.* at 417.

65. The false reference price and false discount representations by Bassett Furniture were material to the decisions of consumers to purchase each product. Because of the false reference price and false discount representations, consumers reasonably believed they would be receiving significant savings if they purchased these products, and consumers purchased these products on the basis of these representations in order to enjoy the purported discounts.

66. Bassett Furniture's false discount advertising is so pervasive across all its products and all its advertising that it is apparent that the heart of Bassett Furniture's marketing plan is to deceive the public.

67. Bassett Furniture's intent is to deceive consumers into believing that its products are worth, and have a market value equal to, the inflated reference price (the strikethrough reference price), and that the lower advertised actual price represents a special bargain.

68. The false or misleading nature of Bassett Furniture's reference prices and discounts was, at all relevant times, masked or concealed such that an ordinary consumer exercising reasonable care under all circumstances would not have known or discovered their false or misleading nature.

69. As a direct and proximate result of Bassett Furniture's acts and omissions, all consumers who have purchased a product from Bassett Furniture that was advertised with a reference price or purported discount have been harmed and have lost money or property.

70. Bassett Furniture continues to advertise false reference prices, false discounts, and false limited-time savings to this day. There is no reason to believe that Bassett Furniture will voluntarily and permanently cease its unlawful


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

practices. Moreover, in the unlikely event that Bassett Furniture were to cease its unlawful practices, Bassett Furniture can and is likely to recommence these unlawful practices.

71. In acting toward consumers and the general public in the manner alleged herein, Bassett Furniture acted with and was guilty of malice, fraud, and oppression and acted in a manner with a strong and negative impact upon Plaintiff, the Class, and the public.

## VII. PLAINTIFF BARBARA ROSING HOKE'S PURCHASE

72. Plaintiff Barbara Rosing Hoke is, and at all relevant times has been, a citizen and resident of the city of Valley Glen, in Los Angeles County, California.

73. Ms. Hoke is a victim of Bassett Furniture's false discount advertising scheme.

74. As detailed above, Bassett Furniture's false discounting practices have been ongoing since at least October 10, 2016. During this time, Ms. Hoke purchased products from a Bassett Furniture retail store that were advertised with false reference prices and false discounts.

75. For example, on October 17, 2022, Ms. Hoke visited the company-owned Bassett Furniture retail store at 6344 Topanga Canyon Boulevard, Suite 1060, Woodland Hills, California 91367 to shop for furniture.

76. While shopping in the Bassett Furniture retail store, Ms. Hoke viewed pricing and discount representations similar to those described and presented in detail above.

77. The products Ms. Hoke viewed included showroom models of the Great Room Sofa (Item No. C000-82SF) and the Petite Sofa (Item No. C000-32SF).


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

78. In the store, Bassett Furniture represented to Ms. Hoke (both via pricing signage and via its staff) that the sofas were on sale at significant discounts.

79. Based on Bassett Furniture's representations, Ms. Hoke believed she needed to act fast and purchase the Great Room Sofa and Petite Sofa now before they returned to their higher purported original prices.

80. Relying on Bassett Furniture's representations of receiving special and significant discounts for the Great Room Sofa and Petite Sofa, Ms. Hoke selected her desired fabric for the Great Room Sofa and the Petite Sofa. The Bassett salesperson told Ms. Hoke that on the Great Room Sofa with the fabric she selected, she would be enjoying a $485 savings from the sofa's regular price of $3,529, resulting in a special sale price of $3,044. The salesperson told Ms. Hoke that on the Petite Sofa with the fabric she selected, she would be enjoying a $634 savings from the sofa's regular price of $3,279, resulting in a special sale price of $2,645. Based on these representations of special savings and on the represented regular prices and value of the sofas, Ms. Hoke purchased the sofas.

81. Relying on Bassett Furniture's representations, Ms. Hoke reasonably believed that the Great Room Sofa and Petite Sofa were normally offered and sold by Bassett Furniture at their higher stated and advertised original prices. Ms. Hoke reasonably believed that the Great Room Sofa and Petite Sofa were worth, and had the values of, the higher stated original prices. Ms. Hoke reasonably believed that the advertised "sale" prices represented special bargains, where Bassett Furniture was temporarily offering the Great Room Sofa and Petite Sofa at significant discounts from their original and normal selling prices.

82. However, Bassett Furniture's representations and advertised discounts were false and deceptive. In reality, and unbeknownst to Ms. Hoke, Bassett Furniture had virtually never offered the Great Room Sofa and Petite Sofa at the higher purported original prices in its retail stores—just as Bassett Furniture


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

had virtually never offered any of the hundreds of other products in its retail stores and on its website at their advertised reference prices.

83. Given counsel's comprehensive investigation which documented and confirmed Bassett Furniture's false discount advertising scheme over multiple years (as described in this Complaint), it is reasonable to infer for pleading purposes—and will be proven at trial after discovery—that Bassett Furniture virtually never offered the Great Room Sofa and Petite Sofa at their purported original prices at any time prior to or after Ms. Hoke's purchase on October 17, 2022.

84. The advertised original prices were not Bassett Furniture's regular offering prices for the Great Room Sofa and Petite Sofa and did not reflect the market values of the Great Room Sofa and Petite Sofa. Ms. Hoke did not receive the advertised and promised savings from the true original prices of the Great Room Sofa and Petite Sofa.

85. Bassett Furniture's advertised original prices and discounts for the Great Room Sofa and Petite Sofa were material misrepresentations and inducements to Ms. Hoke's purchase.

86. Ms. Hoke reasonably relied on Bassett Furniture's material misrepresentations. If Ms. Hoke had known the truth, she would not have purchased the Great Room Sofa and Petite Sofa at the prices she paid.

87. As a direct and proximate result of Bassett Furniture's acts and omissions, Ms. Hoke was harmed, suffered an injury-in-fact, and lost money or property.

88. When Ms. Hoke shopped at Bassett Furniture, she had no suspicion that Bassett Furniture's advertised reference prices and discounts were false. Bassett Furniture gave Ms. Hoke no reason to be suspicious. Ms. Hoke first learned of Bassett Furniture's false discount advertising scheme in February 2026 when her attorneys told her about Bassett Furniture's unlawful conduct and


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

informed her that she was a victim of the scheme. Prior to this, Ms. Hoke did not know or suspect that Bassett Furniture was engaging in a false discount advertising scheme or that she had been a victim of the scheme.

89. Ms. Hoke has a legal right to rely now, and in the future, on the truthfulness and accuracy of Bassett Furniture's representations regarding the advertised reference prices and discounts for its products.

90. Ms. Hoke faces an imminent threat of future harm. Ms. Hoke would purchase from Bassett Furniture again in the future if she could have confidence regarding the truth about Bassett Furniture's price and discount representations. But without an injunction, Ms. Hoke has no realistic way of knowing which, if any, of Bassett Furniture's reference prices, discounts, and sales are true.

91. Ms. Hoke will be harmed if, in the future, she is left to guess as to whether Bassett Furniture is providing a legitimate sale or not, and whether its products are actually worth the amount that Bassett Furniture is representing.

92. If Ms. Hoke were to purchase again from Bassett Furniture without Bassett Furniture having changed its unlawful and deceptive conduct alleged herein, Ms. Hoke would be harmed on an ongoing basis and/or would be harmed once or more in the future.

93. The deceptive practices and policies alleged herein, and experienced directly by Ms. Hoke, are not limited to any single product or group of products. Rather, Bassett Furniture's deceptive discount advertising practices were, and continue to be, systematic and pervasive across all of Bassett Furniture's products.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

## VIII. CLASS ALLEGATIONS

94. Plaintiff brings this class action lawsuit on behalf of herself and the members of the following class (the "Class"):

> **All persons in California who, within the applicable limitations period, purchased from the Bassett Furniture website or any Bassett Furniture retail store, one or more products advertised at a discount.**

95. Specifically excluded from the Class are Bassett Furniture and any entities in which Bassett Furniture has a controlling interest, Bassett Furniture's agents and employees, the bench officers to whom this civil action is assigned, and the members of each bench officer's staff and immediate family.

96. **Application of the Discovery Rule.** This Court should apply the discovery rule to extend any applicable limitations period and corresponding class period to the date on which Bassett Furniture first engaged in its unlawful false discount advertising practices. Based on counsel's investigation, Bassett Furniture's false discount advertising practices have been ongoing since at least October 10, 2016, and likely began much earlier. However, without discovery, Plaintiff cannot determine the earliest date Bassett Furniture first began advertising false discounts for its products.

97. The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *E-Fab, Inc. v. Accts., Inc. Servs.*, 153 Cal. App. 4th 1308, 1318 (2007). Plaintiff and the members of the Class did not know, and could not have reasonably known, about Bassett Furniture's unlawful conduct.

98. When Plaintiff shopped at Bassett Furniture, she had no suspicion that Bassett Furniture's advertised reference prices and discounts were false. Bassett Furniture gave Plaintiff no reason to be suspicious. Plaintiff first learned of Bassett Furniture's false discount advertising scheme in February 2026 when her attorneys told her about Bassett Furniture's unlawful conduct and informed



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

her that she was a victim of the scheme. Prior to this, Plaintiff did not know or suspect—and had no reason to suspect—that Bassett Furniture was engaging in a false discount advertising scheme or that she had been a victim of the scheme. *See Esgate v. Home Depot U.S.A., Inc.*, No. 6:24-CV-01806-MTK, 2025 WL 1207217, at *7–*8 (D. Or. Apr. 24, 2025) (holding that the plaintiff's claims did not begin to accrue under the discovery rule until the date his lawyers informed him that he was likely a victim of the defendant's false discount advertising scheme).

99. Likewise, Class members would not have known or suspected that Bassett Furniture was engaging in this deceptive pricing scheme. Reasonable consumers presume that retailers are not engaging in unlawful conduct. Reasonable consumers would have believed that Bassett Furniture's pricing and discount representations were true.

100. Reasonable consumers would have believed that Bassett Furniture's reference prices: (1) represented Bassett Furniture's regular and normal prices that consumers had to pay for the products; (2) represented Bassett Furniture's recent former prices for the products (that is, the prices at which the products were regularly offered for sale); and (3) represented Bassett Furniture's prices that consumers would have to pay for the products when the sale ended.

101. Reasonable consumers would have believed that Bassett Furniture's advertised discounts represented a reduction from the regular and recent former prices of the products in the amounts advertised.

102. Moreover, Plaintiff and the Class could not have, with the exercise of reasonable diligence, discovered Bassett Furniture's false discount advertising scheme because, by design, its very nature is hidden and impossible for a reasonable consumer to discover—especially regarding products that are purchased infrequently such as furniture.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

103. "The only way for a person to know that [a retailer's] advertised discounts were false is for the person to know [the retailer's] true historical selling prices for the products he or she purchased." *Clark v. Eddie Bauer LLC*, No. 2:20-CV-01106-RAJ, 2025 WL 814924, at *3 (W.D. Wash. Mar. 12, 2025). Consumers who shopped at Bassett Furniture would have had no way to know, with the exercise of reasonable diligence, the true daily price histories and past selling prices for the products they viewed and purchased. Consumers would have had no way to know, with the exercise of reasonable diligence, that Bassett Furniture's stated regular prices (i.e., the advertised strikethrough reference prices) were fictitious and inflated and that the advertised percentage-off and dollars-off savings were false.

104. Plaintiff's counsel only found evidence for Bassett Furniture's deceptive pricing scheme by conducting an extensive investigation that no reasonable person would conduct.

105. **Numerosity.** The number of members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff does not know the exact number of Class members prior to discovery. However, based on information and belief, the Class comprises thousands of individuals. The exact number and identities of Class members are contained in Bassett Furniture's records and can be easily ascertained from those records.

106. **Commonality and Predominance.** This action involves multiple common legal or factual questions which are capable of generating classwide answers that will drive the resolution of this case. These common questions predominate over any questions affecting individual Class members, if any. These common questions include, but are not limited to, the following:

a. Whether the alleged conduct of Bassett Furniture violates the California Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*;


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

b. Whether the alleged conduct of Bassett Furniture violates the California False Advertising Law, California Business & Professions Code § 17500 *et seq.*;

c. Whether the alleged conduct of Bassett Furniture violates the California Unfair Competition Law, California Business & Professions Code § 17200 *et seq.*;

d. Whether the alleged conduct of Bassett Furniture violates 16 C.F.R § 233.1 *et seq.*;

e. Whether Plaintiff and the Class have suffered injury and have lost money or property as a result of Bassett Furniture's unlawful conduct; and

f. Whether Bassett Furniture should be enjoined from engaging in the unlawful conduct alleged herein.

107. **Typicality.** Plaintiff's claims are typical of Class members' claims. Plaintiff and Class members all sustained injury as a direct result of Bassett Furniture's standard practices and schemes, bring the same claims, and face the same potential defenses.

108. **Adequacy.** Plaintiff and her counsel will fairly and adequately protect Class members' interests. Plaintiff has no interests antagonistic to Class members' interests and is committed to representing the best interests of the Class members. Moreover, Plaintiff has retained counsel with considerable experience and success in prosecuting complex class action and consumer protection cases.

109. **Superiority.** A class action is superior to all other available methods for fairly and efficiently adjudicating this controversy. Each Class member's interests are small compared to the burden and expense required to litigate each of his or her claims individually, so it would be impractical and would not make economic sense for Class members to seek individual redress for Bassett Furniture's conduct. Individual litigation would add administrative burden on the courts, increasing the delay and expense to all parties and to the court system.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

Individual litigation would also create the potential for inconsistent or contradictory judgments regarding the same uniform conduct. A single adjudication would create economies of scale and comprehensive supervision by a single judge. Moreover, Plaintiff does not anticipate any difficulties in managing a class action trial.

110. By its conduct and omissions alleged herein, Bassett Furniture has acted and refused to act on grounds that apply generally to the Class members, such that declaratory relief is appropriate respecting the Class as a whole.

111. Bassett Furniture is primarily engaged in the business of selling goods. Each cause of action brought by Plaintiff against Bassett Furniture in this Complaint arises from and is limited to statements or conduct by Bassett Furniture that consist of representations of fact about Bassett Furniture's business operations or goods that are or were made for the purpose of obtaining approval for, promoting, or securing sales of or commercial transactions in, Bassett Furniture's goods; or the statements are or were made in the course of delivering Bassett Furniture's goods. Each cause of action brought by Plaintiff against Bassett Furniture in this Complaint arises from and is limited to statements or conduct by Bassett Furniture for which the intended audience is an actual or potential customer, or a person likely to repeat the statements to, or otherwise influence, an actual or potential customer.

## CAUSES OF ACTION

## COUNT I

**Violation of the Consumers Legal Remedies Act ("CLRA")**

**California Civil Code § 1750 *et seq*.**

112. Plaintiff realleges and incorporates by reference all paragraphs previously alleged herein.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

113. Plaintiff brings this claim in her individual capacity, in her capacity as a private attorney general seeking the imposition of public injunctive relief to protect the general public, and as a representative of the Class.

114. Bassett Furniture's products are "goods" as defined by California Civil Code § 1761(a).

115. Bassett Furniture is a "person," as defined by Cal. Civ. Code § 1761(c).

116. Plaintiff and Class members are each "consumers," as defined by Cal. Civ. Code §1761(d).

117. Plaintiff and Class members purchased Bassett Furniture's products for personal, family, and/or household purposes, as meant by Cal. Civ. Code § 1761(d).

118. Plaintiff's and Class members' purchases from Bassett Furniture each constitutes a "transaction," as defined by Cal. Civ. Code § 1761(e).

119. Venue is proper under Cal. Civil Code § 1780(d) because Plaintiff resides in Los Angeles County and a substantial portion of the transactions at issue occurred in Los Angeles County, including that Plaintiff made her purchase therein. Plaintiff's declaration establishing that this Court is a proper venue for this action is attached hereto as **Exhibit A.**

120. The unlawful methods, acts or practices alleged herein to have been undertaken by Bassett Furniture were all committed intentionally and knowingly. The unlawful methods, acts or practices alleged herein to have been undertaken by Bassett Furniture did not result from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid such error.

121. Bassett Furniture's conduct alleged herein has violated the CLRA in multiple respects, including, but not limited to, the following:

a. Bassett Furniture represented that its products had characteristics that they did not have (Cal. Civ. Code § 1770(a)(5));

b. Bassett Furniture advertised its products with an intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9));

c. Bassett Furniture made false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions (Cal. Civ. Code § 1770(a)(13)); and

d. Bassett Furniture misrepresented that its products were supplied in accordance with previous representations when they were not (Cal. Civ. Code § 1770(a)(16)).

122. With respect to any omissions, Bassett Furniture at all relevant times had a duty to disclose the information in question because, inter alia: (a) Bassett Furniture had exclusive knowledge of material information that was not known to Plaintiff and Class members; (b) Bassett Furniture concealed material information from Plaintiff and Class members; and (c) Bassett Furniture made partial representations which were false and misleading absent the omitted information.

123. Bassett Furniture intentionally deceived Plaintiff and the Class, and continues to deceive the public, by advertising false discounts and false reference prices and deceptive purported sales events.

124. Bassett Furniture's misrepresentations deceive and have a tendency to deceive the reasonable consumer and the general public.

125. Bassett Furniture's misrepresentations are material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

126. As a direct, substantial, and/or proximate result of Bassett Furniture's unlawful conduct, Plaintiff and Class members were harmed, suffered injury-in-fact, and lost money or property.

127. Plaintiff and Class members reasonably relied on Bassett Furniture's material misrepresentations, and would not have purchased Bassett Furniture's products at the prices that they paid had they known the truth.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

128. Additionally, Bassett Furniture's advertised limited-time discounts for its products were false and induced customers to purchase the products immediately before they supposedly returned to their (fictitious) reference prices.

129. Plaintiff and Class members did not receive the benefits of their bargains. Plaintiff and Class members did not enjoy the actual discounts that Bassett Furniture represented and promised to them. Plaintiff and Class members did not receive products that were worth the inflated amount that Bassett Furniture represented to them; the products did not regularly sell for, and were not actually worth, the fictitious strikethrough reference price advertised by Bassett Furniture.

130. By its conduct and omissions alleged herein, Bassett Furniture caused the demand for its products to be artificially increased and caused all customers, including Plaintiff and Class members, to pay price premiums to Bassett Furniture. Put differently, as a result of its misrepresentations, Bassett Furniture has been able to charge a price premium for its products that it would not be able to charge absent the misrepresentations. Without the misrepresentations, Bassett Furniture would have had to charge less for its products in order to enjoy the same level of demand.

131. **Permanent public injunctive relief.** Plaintiff, acting as a private attorney general, seeks public injunctive relief under the CLRA to protect the general public from Bassett Furniture's false advertisements, misrepresentations, and omissions.

132. Bassett Furniture's misconduct, which affects and harms the general public, is ongoing in part or in whole and even if such conduct were to cease, it is behavior that is capable of repetition or re-occurrence by Bassett Furniture absent a permanent public injunction. Accordingly, Plaintiff seeks an order enjoining Bassett Furniture from committing the unlawful practices alleged herein.



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

133. The balance of the equities favors the entry of permanent public injunctive relief against Bassett Furniture. Plaintiff, the members of the Class, honest competing businesses, and the general public will be irreparably harmed from Bassett Furniture's ongoing false advertising absent the entry of permanent public injunctive relief against Bassett Furniture.

134. Plaintiff lacks an adequate remedy at law to prevent Bassett Furniture from engaging in the unlawful practices alleged herein. Plaintiff would purchase products from Bassett Furniture again if she could have confidence regarding the truth of Bassett Furniture's prices and the value of its products. Plaintiff will be harmed if, in the future, she is left to guess as to whether Bassett Furniture is providing a legitimate sale or not, and whether Bassett Furniture's products are actually worth the amount that Bassett Furniture is representing.

135. Monetary damages are not an adequate remedy at law for <u>future</u> harm. *Clark v. Eddie Bauer LLC*, 2024 WL 177755, at *3 (9th Cir. Jan. 17, 2024). Monetary damages are inadequate for future harm for the following reasons, without limitation: First, damages will not prevent Bassett Furniture from engaging in its unlawful conduct. Second, damages for future harm cannot be calculated with certainty and thus cannot be awarded. For example, it is impossible to know what products Plaintiff may want or need in the future. Third, injunctive relief is necessary (and monetary damages do not provide a plain, adequate and complete remedy) because, without forward-looking injunctive relief enjoining the unlawful practices, the courts may be flooded with future lawsuits by Class members, Plaintiff, and the general public for future violations of the law by Bassett Furniture.

136. In accordance with California Civil Code § 1782(a), Plaintiff, through counsel, will be serving Bassett Furniture with notice of its CLRA violations. If Bassett Furniture fails to provide appropriate relief for its CLRA violations within 30 days of its receipt of Plaintiff's notice letter, Plaintiff will


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

amend this complaint to seek compensatory and exemplary damages as permitted by Cal. Civ. Code §§ 1780 and 1782(b), along with attorneys' fees and costs.

**COUNT II**

**Violation of California's False Advertising Law ("FAL")**

**California Business & Professions Code § 17500 *et seq.***

137. Plaintiff realleges and incorporates by reference all paragraphs previously alleged herein.

138. Plaintiff brings this claim in her individual capacity, in her capacity as a private attorney general seeking the imposition of public injunctive relief, and as a representative of the Class.

139. Bassett Furniture has engaged in false or misleading advertising in violation of California Business & Professions Code § 17500, *et seq.*, also known as California's False Advertising Law ("FAL").

140. Bassett Furniture has advertised discounts and reference prices that are false, misleading, and have a capacity, likelihood or tendency to deceive reasonable consumers. *See, e.g.*, *Kasky*, 27 Cal.4th at 951 (UCL and FAL prohibit "not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public" (citation omitted)); *Hansen v. Newegg.com Americas, Inc.*, 25 Cal. App. 5th 714, 722 (2018) (same).

141. Additionally, Bassett Furniture has violated, and continues to violate, section 17501 of the Business and Professions Code by advertising former prices that were not true former prices and were not the prevailing market price in the three months immediately preceding the advertisement. Nor do Bassett Furniture's former price advertisements state clearly, exactly, and conspicuously when, if ever, the former prices prevailed.

142. With respect to omissions, Bassett Furniture at all relevant times had a duty to disclose the information in question because, inter alia: (a) Bassett


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

Furniture had exclusive knowledge of material information that was not known to Plaintiff and Class members; (b) Bassett Furniture concealed material information from Plaintiff and Class members; and (c) Bassett Furniture made partial representations which were false or misleading absent the omitted information.

143. Bassett Furniture committed such violations of the FAL with actual knowledge that its advertising was untrue or misleading, or Bassett Furniture, in the exercise of reasonable care, should have known that its advertising was untrue or misleading.

144. Bassett Furniture's misrepresentations and nondisclosures deceive and have a tendency to deceive the general public.

145. Bassett Furniture's misrepresentations and nondisclosures are material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

146. As a direct and proximate result of Bassett Furniture's violations of the FAL, Plaintiff and Class members were harmed, suffered injury-in-fact, and lost money or property.

147. Plaintiff and Class members reasonably relied on Bassett Furniture's material misrepresentations, and would not have purchased Bassett Furniture's products at the prices that they paid had they known the truth.

148. Additionally, Bassett Furniture's advertised limited-time discounts for its products were false and induced customers to purchase the products immediately before they supposedly returned to their (fictitious) reference prices.

149. Plaintiff and Class members did not receive the benefits of their bargains. Plaintiff and Class members did not enjoy the actual discounts that Bassett Furniture represented and promised to them. Plaintiff and Class members did not receive products that were worth the inflated amount that Bassett Furniture represented to them; the products did not regularly sell for, and were


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

not actually worth, the fictitious and invented reference prices advertised by Bassett Furniture.

150. By its conduct and omissions alleged herein, Bassett Furniture caused the demand for its products to be artificially increased and caused all customers, including Plaintiff and Class members, to pay price premiums to Bassett Furniture. Put differently, as a result of its misrepresentations, Bassett Furniture has been able to charge a price premium for its products that it would not be able to charge absent the misrepresentations. Without the misrepresentations, Bassett Furniture would have had to charge less for its products in order to enjoy the same level of demand.

151. By its conduct and omissions alleged herein, Bassett Furniture received more money from Plaintiff and Class members than it should have received. Bassett Furniture should be ordered to disgorge or make restitution of all monies improperly accepted, received, or retained.

152. Plaintiff seeks an order granting restitution to Plaintiff and Class members in an amount to be proven at trial. Plaintiff further seeks an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

153. **Permanent public injunctive relief.** Plaintiff, acting as a private attorney general, seeks public injunctive relief under the FAL to protect the general public from Bassett Furniture's false advertisements, misrepresentations, and omissions.

154. Bassett Furniture's misconduct which affects and harms the general public is ongoing in part or in whole and even if such conduct were to cease, it is behavior that is capable of repetition or re-occurrence by Bassett Furniture absent a permanent public injunction. Accordingly, Plaintiff seeks an order enjoining Bassett Furniture from committing the unlawful practices alleged herein.

155. The balance of the equities favors the entry of permanent public injunctive relief against Bassett Furniture. Plaintiff, the members of the Class,


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

honest competing businesses, and the general public will be irreparably harmed from Bassett Furniture's ongoing false advertising absent the entry of permanent public injunctive relief against Bassett Furniture.

156. Plaintiff lacks an adequate remedy at law to prevent Bassett Furniture from engaging in the unlawful practices alleged herein, as stated in Count I above.

157. Monetary damages are not an adequate remedy at law for future harm, as stated in Count I above.

**COUNT III**

**Violation of California's Unfair Competition Law ("UCL")**

**California Business & Professions Code § 17200 *et seq*.**

158. Plaintiff realleges and incorporates by reference all paragraphs previously alleged herein.

159. Plaintiff brings this claim in her individual capacity, in her capacity as a private attorney general seeking the imposition of public injunctive relief, and as a representative of the Class.

160. California Business & Professions Code § 17200, *et seq.*, also known as California's Unfair Competition Law ("UCL"), prohibits any unfair, unlawful, or fraudulent business practice.

161. **"Unlawful" Prong.** Bassett Furniture has violated the UCL by engaging in the following unlawful business acts and practices:

a. Making material misrepresentations in violation of Cal. Civ. Code §§ 1770(a)(5), (9), (13), and (16) (the CLRA);

b. Making material misrepresentations and omissions in violation of Cal. Bus. & Prof. Code § 17500 *et seq.* (the FAL);

c. Engaging in deceit in violation of Cal Civ. Code §§ 1709–1710; and


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

d. Employing deceptive discount price advertisements as identified by 16 C.F.R § 233.1 *et seq.*

162. **<u>"Unfair" and "Fraudulent" Prongs.</u>** Bassett Furniture has violated the UCL by engaging in the following unfair and/or fraudulent business acts and practices:

a. Advertising false reference prices;

b. Advertising false discounts, including stated percentage-off and dollars-off discounts; and

c. Advertising false "limited-time" sales and discounts.

163. With respect to omissions, Bassett Furniture at all relevant times had a duty to disclose the information in question because, inter alia: (a) Bassett Furniture had exclusive knowledge of material information that was not known to Plaintiff and Class members; (b) Bassett Furniture concealed material information from Plaintiff and Class members; and (c) Bassett Furniture made partial representations which were false and misleading absent the omitted information.

164. Bassett Furniture's misrepresentations and nondisclosures deceive and have a tendency to deceive the general public.

165. Bassett Furniture's misrepresentations and nondisclosures are material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

166. As a direct and proximate result of Bassett Furniture's violations of the UCL, Plaintiff and Class members were harmed, suffered injury-in-fact, and lost money or property.

167. Plaintiff and Class members reasonably relied on Bassett Furniture's material misrepresentations, and would not have purchased Bassett Furniture's products at the prices that they paid had they known the truth.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

168. Additionally, Bassett Furniture's advertised limited-time discounts for its products were false and induced customers to purchase the products immediately before they supposedly returned to their (fictitious) reference prices.

169. Plaintiff and Class members did not receive the benefits of their bargains. Plaintiff and Class members did not enjoy the actual discounts that Bassett Furniture represented and promised to them. Plaintiff and Class members did not receive products that were worth the inflated amount that Bassett Furniture represented to them; the products did not regularly sell for, and were not actually worth, the fictitious reference price advertised by Bassett Furniture.

170. By its conduct and omissions alleged herein, Bassett Furniture caused the demand for its products to be artificially increased and caused all customers, including Plaintiff and Class members, to pay price premiums to Bassett Furniture. Put differently, as a result of its misrepresentations, Bassett Furniture has been able to charge a price premium for its products that it would not be able to charge absent the misrepresentations. Without the misrepresentations, Bassett Furniture would have had to charge less for its products in order to enjoy the same level of demand.

171. By its conduct and omissions alleged herein, Bassett Furniture received more money from Plaintiff and Class members than it should have received. Bassett Furniture should be ordered to disgorge or make restitution of all monies improperly accepted, received, or retained.

172. Bassett Furniture's conduct and omissions alleged herein are immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Class members. Perpetrating a years-long scheme of misleading and overcharging customers is immoral, unethical, and unscrupulous. Moreover, Bassett Furniture's conduct is oppressive and substantially injurious to consumers. There is no utility to Bassett Furniture's conduct, and even if there were any utility, it would be significantly outweighed


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

by the gravity of the harm to consumers caused by Bassett Furniture's conduct alleged herein.

173. Plaintiff seeks an order granting restitution to Plaintiff and Class members in an amount to be proven at trial. Plaintiff further seeks an award of attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

174. **Permanent public injunctive relief.** Plaintiff, acting as a private attorney general, seeks public injunctive relief under the UCL to protect the general public from Bassett Furniture's false advertisements, misrepresentations, and omissions.

175. Bassett Furniture's misconduct which affects and harms the general public is ongoing in part or in whole and even if such conduct were to cease, it is behavior that is capable of repetition or re-occurrence by Bassett Furniture absent a permanent public injunction. Accordingly, Plaintiff seeks an order enjoining Bassett Furniture from committing the unlawful practices alleged herein.

176. The balance of the equities favors the entry of permanent public injunctive relief against Bassett Furniture. Plaintiff, the members of the Class, honest competing businesses, and the general public will be irreparably harmed from Bassett Furniture's ongoing false advertising absent the entry of permanent public injunctive relief against Bassett Furniture.

177. Plaintiff lacks an adequate remedy at law to prevent Bassett Furniture from engaging in the unlawful practices alleged herein, as stated in Count I above.

178. Monetary damages are not an adequate remedy at law for future harm, as stated in Count I above.


HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

## PRAYER FOR RELIEF

Plaintiff Barbara Rosing Hoke, on behalf of herself and the proposed Class, requests that the Court order relief and enter judgment against Defendants Bassett Furniture Industries, Inc., and Bassett Direct NC, LLC as follows:

1. Declare this action to be a proper class action, certify the proposed Class, and appoint Plaintiff and her counsel to represent the Class;

2. Order that the discovery rule applies to extend any applicable limitations period and the corresponding class period back to the date Bassett Furniture first engaged in the unlawful conduct alleged herein (which based on counsel's investigation, is at least October 10, 2016, and is likely earlier);

3. Declare that Bassett Furniture's conduct alleged herein violates the CLRA, FAL, and UCL;

4. Order disgorgement and/or restitution, including, without limitation, disgorgement of all revenues, profits and/or unjust enrichment that Bassett Furniture obtained, directly or indirectly, from Plaintiff and Class members as a result of the unlawful conduct alleged herein;

5. Permanently enjoin Bassett Furniture from engaging in the unlawful conduct alleged herein;

6. Order that Bassett Furniture maintain the following records for at least two years for each daily product offering on its retail website and in its retail stores from the date of each advertisement and/or offer for sale of the product, for auditing purposes to ensure compliance with the ordered public injunctive relief: (1) the advertised reference price for each product; (2) the offer price and/or net selling price of each product; and (3) any discount or free offer that was advertised and/or applicable to each product;

7. Retain jurisdiction to monitor Bassett Furniture's compliance with the permanent public injunctive relief requested hereinabove;



HATTIS LUKACS & CORRINGTON
11711 SE 8th St, Ste 120
Bellevue, WA 98005
Tel: 425.233.8650 | Fax: 425.412.7171
www.hattislaw.com

8. Order Bassett Furniture to pay attorneys' fees, costs, and pre-judgment and post-judgment interest to the extent allowed by law; and

9. Grant such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Date: February 26, 2026.

Presented by:

HATTIS LUKACS & CORRINGTON

By: ______________________

Daniel M. Hattis (SBN 232141)
Email: dan@hattislaw.com
Paul Karl Lukacs (SBN 197007)
Email: pkl@hattislaw.com
HATTIS LUKACS & CORRINGTON
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
Telephone: (425) 233-8650

*Attorneys for Plaintiff*
*and the Proposed Class*